

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,821

### EX PARTE JEFFERY DALE CHAMBERLAIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F0916778-A IN THE 420th DISTRICT COURT
### FROM NACOGDOCHES COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of possession of a controlled substance with intent to deliver and one count of possession of a certain chemical with intent to manufacture a controlled substance. He was sentenced to twenty years' imprisonment in each count.

Applicant contends that he was deprived of his meaningful right to a direct appeal because his counsel, through no fault of his own, failed to timely file a notice of appeal.

The trial court has determined that counsel, through no fault of his own, failed to timely file

a notice of appeal. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. F0916778-A from the 420th District Court of Nacogdoches County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 20, 2012
Do not publish